(59 Misc. Rep. 287.)

### MONDS v. BIRCHELL.

(Supreme Court, Special Term, Nassau County.  May, 1908.)

SPECIFIC PERFORMANCE—CONTRACTS—RESCISSION—EFFECT.

Where a vendor by separate contracts agreed to sell two parcels of land, and the vendee's attorney demanded a return of the earnest money, and threatened suit therefor because of an alleged defect in the title to one of the parcels, the attorney's act amounted to a rescission of the contract by the vendee, so that the vendee's subsequent assignee could not maintain specific performance, but was only entitled to a judgment for the earnest money and expenses of searching title, with interest and costs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 14, 183.]

Action by Joseph Monds against Edwin Birchell for specific performance of certain land contracts.  Judgment for plaintiff.

Clinton M. Flint, for plaintiff.

Halstead Scudder, for defendant.

CARR, J.  On August 15, 1904, one Kraft and the defendant, Birchell, entered into two separate written contracts for the sale of two parcels of real property at Locust Valley, in Nassau county, in which Birchell was the vendor and Kraft the vendee.  The parcels of real property were contiguous, and the title to one was in Birchell individually, and to the other in his minor children.  As to his own parcel, Birchell contracted individually.  As to the other he contracted "as general guardian" of the infants specifically named in the contract.  Neither contract has been carried out, and the plaintiff, who took an assignment of Kraft's interest under these contracts in June, 1905, brought an action in 1907, about three years after the making thereof, in which he asks for a specific performance of the agreement as to the land owned by Birchell individually, and for damages for breach of contract as to the land owned by the infants.  The two contracts were made simultaneously, and were evidently treated by the parties as constituting one transaction.  Kraft engaged an attorney to examine the respective titles to the property described in the two contracts.  This attorney, Mr. Nicoll, thereafter had an interview with Birchell in which he claimed some defect as to one of the titles; and he demanded back from Birchell the earnest money paid on the signing and delivery of the contracts.  Birchell expressed his willingness to return the money on the return or surrender of the written contracts.  Later, on March 7, 1905, Mr. Nicoll, as attorney for Kraft, wrote Birchell demanding back the earnest money, and threatening suit to recover it unless it was paid shortly.

Assuming these facts to be true, and they stand uncontradicted on the record, it is quite apparent that Kraft had on March 7, 1905, elected to rescind the contracts in question because of an alleged breach by Birchell.  On June 12, 1905, Kraft assigned to this plaintiff, his brother-in-law, whatever interest he had under these contracts.  Of course, he gave no more rights to Monds by his assignment than he had himself.  If, by the act of his attorney, Nicoll, he had rescinded these contracts, as against him the parties were restored to their orig-

inal conditions, and the rescission, once made, was irrevocable. Stewart v. Huntington, 4 N. Y. St. Rep. 760; Kinney v. Kiernan, 49 N. Y. 164. The letter of March 7, 1905, to the defendant, Birchell, from Mr. Nicoll, shows clearly that Kraft intended to and did rescind the contracts; for in it he rejects the titles and demands back the earnest money and says:

"Please send me the amount on or before March fifteenth, as otherwise we shall make an effort to collect it by legal proceedings, this being the only thing we can do."

Birchell had a complete right to treat this letter as notice of rescission on the part of Kraft, and thereafter the contract between Kraft and him was ended.

After Monds came into the matter by assignment from Kraft some negotiations went on between him and Birchell, as to which the evidence is conflicting and unsatisfactory; but, taken in its most favorable light to this plaintiff, it does not show the making of a new agreement between him and the defendant. So far as the plaintiff claims, under the Kraft contracts, he is met with the situation that Kraft had formally rescinded them before the assignment to the plaintiff. He is chargeable with this situation, even if he had no notice of it. Wood v. Perry, 1 Barb. 114. In the light in which the case presents itself to me, it becomes unnecessary to consider the various other questions discussed in the learned briefs submitted by the respective counsel as to the question of laches in relation to the relief of specific performance and as to the measure of damages for refusal to convey. The plaintiff is, however, entitled to a judgment for the amount of the earnest money, the expenses of searching the title, with interest, and costs. Judgment is directed accordingly.